UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

LARRY and KANDY HEAL,                          No. 09-13026

                        Debtor(s).
_____/

PATRICK BULMER,

                        Plaintiff(s),

          v.                                A.P. No. 09-1184

KANDY HEAL, et al.,

                        Defendant(s).
_____/

Memorandum After Hearing
_____

      Plaintiff Patrick Bulmer is not an attorney. He commenced this adversary proceeding in propria persona. Defendant Kandy Heal immediately moved for dismissal on the grounds that Bulmer's conduct constituted the unauthorized practice of law. Upon Bulmer's admission that he was not an attorney and had purchased the claim upon which he brought suit for ten dollars, the court summarily granted Heal's motion. Upon appeal, the Appellate Panel vacated the dismissal and instructed the court to hold a full hearing and take evidence on the issue. The court has completed that

1

hearing, and makes the following findings and conclusions.

Bulmer has no claim against Heal personally. He is the assignee of a claim and a judgment originally made before Heal's Chapter 13 filing. Neither the judgment nor the claim was against Heal. The judgment was entered in state court for $31,810.27 in favor of Guidiville Rancheria and against one Timothy Pelzel on January 3, 1998. The judgment was originally assigned to one J. Verhees doing business as Summit Judgment Recovery. On May 5, 2000, Verhees assigned the judgment to California Judgment Recoveries, LLC. Bulmer is a principal of California Judgment Recoveries, LLC. By assignment dated January 2, 2003, and signed by Bulmer's wife, the judgment was assigned to Bulmer. This is the judgment Bulmer represented to the court that he purchased for ten dollars. He alleges that Heal has successor liability on the judgment.

The claim was directly assigned to Bulmer by Flexible Funding, LLC. Bulmer obtained a default judgment against Pelzel in state court in his own name.

Both the Guidiville Rancheria judgment and the Flexible Funding claim were assigned using the same form, entitled "Agreement for Assignment of Claim." The agreement recites that it is an absolute assignment for "the sum of $10.00, plus a Referral Commission upon successful collection or liquidation of the CLAIM. The Referral Commission shall be equal to 60% of any amounts received or realized toward the amount of Principal Due on the CLAIM, after deducting costs expended in the collection or liquidation process."

The court finds that, notwithstanding the form of the agreement, Bulmer is a collection agent and the agreement is an assignment for collection.[1] He is therefore barred from prosecuting this action without a lawyer by 28 U.S.C. § 1654. That statute provides: "In all courts of the United States the

---

[1] The principal of the Rancheria who signed the agreement testified emphatically that it was an assignment for collection. The representative of Flexible Funding was a little less sure, but testified that notwithstanding anything in the agreement he expected to be consulted before Bulmer entered into any agreement to compromise Flexible Funding's claim. Bulmer himself admits that both the Rancheria and Flexible Funding intended to assign their claims "for collection." Bulmer trial brief filed 11/30/10, page 4, line 13.

2

parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."

The key phrase is "their own cases"; a non-lawyer may not appear nominally on his own behalf if the outcome might benefit third parties. *C.E. Pope Equity Trust v. U.S.*, 818 F.2d 696, 698 (9th Cir. 1987); *Jones v. Correctional Medical Services*, *Inc.*, 401 F.3d 950, 952 (8th Circ. 2005); *Pridgen v. Andresen*, 113 F.3d 391 (2nd Cir. 1997). The statute may not be circumvented through a purported assignment of claims. See, e.g., *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381 (11th Cir.1985); *Jones v. Niagara Frontier Trans. Auth.*, 722 F .2d 20, 22 (2d Cir.1983); *Bischoff v. Waldorf*, 660 F.Supp.2d 815, and cases collected therein at 820-821 (E.D.Mich.2009); *Thomas v. Thomas*, 387 B.R. 808, 815-16 (D. Colorado 2008). In *Thomas*, the court dismissed a pro se complaint where, as here, the assignment of a claim appeared absolute on its face but provided that the proceeds of any recovery would be shared by the assignor. The court ruled that because the assignee was "acting in a representative capacity to some extent and not exclusively on his own behalf" the assignee could appear only by counsel.

Bulmer cites *In re Ota,* 192 B.R. 545 (9th Cir. BAP 1996) and *In re Boyajian,* 367 B.R. 138 (9th Cir. BAP 2007) as supporting his right to proceed without a lawyer. However, neither of those cases dealt with the issues raised here or even mentioned 28 U.S.C. § 1654. There is no doubt that as assignee Bulmer can prosecute this adversary proceeding against Heal. However, because a successful outcome would benefit third parties, Bulmer must do so through counsel.

There is no constitutional right to self-representation in civil cases. *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 137 (1st Cir. 1985), cert. den. 476 U.S. 1172. Each federal court has broad discretion to determine who practices before it, and is not bound by state law in making the determination. *C.E. Pope Equity Trust v. U.S.*, supra; *U.S. v Dinitz,* 538 F.2d 1214 (5th Cir. 1976), cert. den. 429 U.S. 1104. The court finds that Bulmer, like the plaintiff in *Thomas*, is acting in a representative capacity to some extent and not exclusively on his own behalf and is therefore barred from prosecuting this adversary proceeding without counsel.

3

Pleadings filed by an individual when counsel is required are subject to being stricken. This is not a sanction for misconduct but merely recognition that the individual was not authorized to file the pleadings. *Greater SE Community Hosp. Foundation v. Potter,* 586 F.3d 1, 5 (D.C. Cir. 2009). Bulmer was not entitled to file any pleadings in this case without a lawyer. Accordingly, his pleadings will be stricken. Counsel for Heal shall submit an appropriate form of order.

Dated: December 19, 2010

Alan Jaroslovsky
U.S. Bankruptcy Judge

4