UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

LARRY and KANDY HEAL,                          No. 09-13026

                        Debtor(s).
_____/

PATRICK BULMER,

                        Plaintiff(s),

                 v.                                     A.P. No. 09-1184

KANDY HEAL, et al.,

                        Defendant(s).
_____/

Amended Memorandum on Post-Hearing Motion
_____

       On December 19, 2010, after a full hearing and hearing all evidence, the court ruled that plaintiff Patrick Bulmer was unlawfully practicing law and struck his pleadings. Bulmer had supposedly purchased two judgments with an agreement that sixty percent of whatever he recovered would be returned to the assignors. Bulmer has moved the court for a new trial and to amend its findings.

       Since that time, the Bankruptcy Appellate Panel has ordered published its decision in *In re*

1

*Brooms*, – B.R.– (9th Cir. BAP 2011). In *Brooms*, the bankruptcy court had dismissed an adversary proceeding brought by an assignee of a judgment because the assignee was not a lawyer and had refused to prove that the assignor had no residual interest in the judgment. The Appellate Panel affirmed, holding that where the assignor retained any sort of interest in the judgment or its proceeds the assignee can pursue the judgment in federal court only by an attorney. That is the same conclusion the court has reached in this case.

Despite the ruling, Bulmer has moved the court for a new trial, for amended findings, and for reconsideration of its dismissal of the case. He is therefore attempting, still pro se, to benefit the assignors by his actions. The court will consider those arguments only if made by a licensed attorney.[1]

For the foregoing reasons, Bulmer's motion will be denied without prejudice to reconsideration if made by a licensed attorney. Counsel for Heal shall submit an appropriate form of order.

Dated: February 21, 2011

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[1] Bulmer alleges that he is now the sole owner of one of the judgments, having paid $500.00 for the judgment of $134,947.83 held by one of his assignors. The court declines to consider this post-hearing event because the court is not bound to accept this representation without making inquiry as to whether it is bona fide, it would not retroactively legitimize Bulmer's past conduct, and that still leaves Bulmer attempting to represent the other assignor.

2